|1CIACCIO, Judge,
dissenting with reasons.
I respectfully dissent.
Paragraph (4)(d) of section 626.736 contains no language that suggests the four enumerated examples of required coverage are the exclusive and only permissible circumstances for which personal injury protection benefits are payable. To construe the language of paragraph (4)(d) as exclusive conflicts with the clear language of section 1, the required benefits section, requiring every insurance policy complying with the security requirements of section 627.733 to provide personal injury protection to other persons struck by such motor vehicle and suffering bodily injury while not an occupant of a self propelled vehicle. Absent language that states the enumerated examples in paragraph (4)(d) are the exclusive instances for which personal injury protection benefits are payable, I disagree with the majority that paragraph (4)(d) limited pedestrian coverage to Florida accidents damaging Florida residents.
*868 The exclusions section of the Allstate personal injury policy issued to Sidorski reads in part:
This insurance does not apply:
e) to any pedestrian, other than the named insured or any relative, not a legal resident of the State of Florida
To the extent that “e” under the exclusions section of the Allstate policy excludes pedestrians who are not Florida residents, it conflicts with the general provisions of section 627.736 section (1), requiring personal injury protection for other persons struck by the insured motor vehicle and suffering bodily injury while not an occupant of a self-propelled vehicle, and therefore should be unenforceable.